■ ENOCH S. CHRISTOFFERSEN, Appellant, v. MURRAY PACKING CO., INC., et al., Defendants, PRIDE WHOLESALE MEAT & POULTRY CORP., Respondent, and PAUL CASTELLANO et al., Intervening Respondents.— In a replevin action, the plaintiff appeals from an order of the Supreme Court, Kings County, entered November 17, 1964, which denied his motion for summary judgment striking out the answers of the three defendants: Pride Wholesale Meat & Poultry Corp., Paul Castellano and Fort Meat Wholesalers, Inc.   Order reversed, with $10 costs and disbursements payable jointly by said defendants; plaintiff's motion granted; summary judgment directed in favor of plaintiff against said defendants, with costs; and action remitted to Special Term for the entry of judgment accordingly.   Plaintiff is a California turkey grower who contracted to ship a truckload of turkeys to the defendant Murray Packing Co., Inc., in New York.   Plaintiff consigned the turkeys to himself and sent the bill of lading, together with a sight draft on Murray, to a New York bank for collection.   Without paying the draft and without obtaining the bill of lading, Murray obtained possession of the turkeys from the truck driver of the carrier by telling him that the payment had been "taken care of." Thereafter Murray sold the turkeys to the defendant Pride Wholesale Meat & Poultry Corp., which in turn sold them to the defendants Paul Castellano and Fort Meat Wholesalers, Inc.   Pride, Castellano and Fort Meat all claim to have been ignorant of Murray's wrongdoing.   The transaction is governed by the statutory provisions (Personal Property Law, § 101, subd. 2; § 226, subd. [b]) as they existed at the time of the transaction.   Those sections, which provide that the seller may retain property in the goods by shipping them to himself, are a codification of the common law (*Pottash* v. *Cleveland-Akron Bag Co.*, 197 App. Div. 763, affd. 235 N. Y. 520).   Even if plaintiff's interest in the goods be deemed to be only for the purpose of assuring payment by the buyer, and even if those deriving title from Murray were unaware of Murray's failure to pay, they had constructive notice that the title remained, as security, in the seller (*Farmers & Mechanics' Nat. Bank* v. *Logan*, 74 N. Y. 568).   Under the circumstances here, certain perquisites of title may have passed to the buyer but they coexisted with the rights retained by the seller.   As stated by a noted author with respect to these coexisting rights of the buyer and seller: " The root of the difficulty is the failure to grasp the idea that more than one person can have a property right in the same goods" (2 Williston, Sales [rev. ed.], pp. 170–171).   Plaintiff did all he could to protect his interest in the goods.   It was the three defendants here who relied on the reputation of Murray; and it is these defendants who must bear the consequences of their misplaced trust.   Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.